UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**COLIN W. MURRAY, individually &**
**on behalf of all similarly situated,**

    **Plaintiff,**

                                        Case Number  1:18-cv-03036

**v.**

**TRANSPORTATION MEDIA, INC.**
**d/b/a BENCH CRAFT COMPANY,**

    **Defendant.**

---

**COMPLAINT & JURY DEMAND**

---

    1. The named Plaintiff, Colin W. Murray, sues Defendant, Transportation Media, Inc. doing business as Bench Craft Company, pursuant to the Fair Labor Standards Act (FLSA) for failing to pay him and all similarly situated proper overtime.

    2. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

    3. Defendant is an Oregon company.

    4. Defendant's headquarters are in Oregon.

    5. Defendant operates throughout the United States and Canada.

    6. Defendant employs employees in Colorado.

    7. Defendant employs employees in Oregon, Florida, Georgia, Texas, Massachusetts, Colorado, Minnesota, Kansas, Nebraska, Pennsylvania and Virginia.

1

8. Defendant possibly employs employees in states other than those listed in the previous paragraph.

9. Defendants is registered with the Colorado Secretary of State as a foreign company doing business in the state.

10. Defendant's principal place of business as relayed to the Colorado Secretary of State is 7600 E Eastman Ave Ste 100, Denver, Colorado 80231.

11. Defendant is actively hiring employees in Denver, Colorado

12. The potential new hires reference in the previous paragraph are being hired pursuant to Defendant's "Sales Representative Pay Plan" which violates the FLSA.

13. Defendant's Colorado registered agent is located in Centennial, Colorado.

14. Defendant has registered "Bench Craft Company" as a trade name with the Colorado Secretary of State.

15. Defendant is an advertising company.

16. Specifically, Defendant is in the business of selling advertising at golf courses.

17. Defendant conducts business in Denver County, Colorado as well as in other counties in Colorado and other states.

18. Venue is proper before the Honorable Court because Defendant conducts business in the city, county and state.

19. Named Plaintiff worked for Defendant from on or about September 2016 through on or about November 2018.

20. Named Plaintiff was a Sales Representative for Defendant.

21. Sales Representatives are sometimes referred to as Project Managers.

22. Defendant has over 300 employees.

23. Within the past three years Defendant has employed in excess of 500 Sales Representatives.

24. Defendant treats its Sales Representatives the same way in regards to pay and job duties.

25. Defendant has been in operations for over thirty (30) years.

26. Defendant has agreements with hundreds of golf courses throughout the United States and Canada to sell advertising spaces on the golf courses materials such as course guides, benches, scorecards, tee signs, display boards and ball washes.

27. Sales Representatives contact businesses to sell advertising on course guides, benches, scorecards, tee signs, display boards and ball washes.

28. Named Plaintiff made sales in over a dozen states for Defendant.

29. Plaintiff(s) make sales throughout the United States.

30. Plaintiff(s) initial calls through land lines and cell phones.

31. Plaintiff(s) send emails to potential customers and customers.

32. Plaintiff(s) use the internet to find potential customers.

33. Defendant sets goals for each of its offices.

34. The goals are determined by the Defendant's national headquarters in Oregon.

35. When a Sales Representative underperforms national supervisors from Oregon directly contact the Sales Representative by telephone to express their displeasure.

36. Sales Representatives primarily work in one of Defendant's offices.

37. Defendant has offices in Colorado, Kansas, Texas, Massachusetts, Minnesota, Georgia, Florida, Oregon and Pennsylvania.

38. Sales Representatives are not limited by geography.

39. For instance, a Sales Representative in Florida may make sales in Massachusetts even though there are Sales Representatives in Massachusetts.

40. Sales Representatives have the same primary job duty throughout the country.

41. Defendant pays Sales Representatives a salary, chits and bonuses.

42. The salary is based upon an hourly rate for 40 hours a week.

43. Chits and bonuses compromise less than half of a Sales Representative's income.

44. Defendant maintains regular office hours for its Sales Representatives.

45. However, Defendant pressures Sales Representatives to work outside of its regular office hours.

46. Defendant does not compensate Sales Representatives for all hours worked.

47. Plaintiff(s) are all Sales Representatives (sometimes called Project Managers).

48. Plaintiff(s) are paid a salary for forty hours, chits and bonuses.

49. Plaintiff(s) contact potential customers that are businesses to sell them advertising space on golf course materials.

50. Plaintiff(s) identify their own potential customers using the internet.

51. Plaintiff(s) contact potential customers and customers through phone and email.

52. Plaintiff(s) are not outside salesmen.

53. Plaintiff(s) primarily work from a fixed office location.

54. Plaintiff(s) are victims of Defendant's decision, policy or plan to deprive Sales Representatives of proper overtime.

55. Defendant executed its "Sales Representative Pay Plan" by artificially recording less hours worked than actually worked.

56. Defendant's "Sales Representative Pay Plan" deprived Plaintiff(s) of compensable work hours for pre-shift work, lunch hour work and after-shift work.

57. Pre-shift work is work performed by Plaintiff(s) prior to the official office hours maintained by Defendant.

58. Lunch hour work primarily occurs when Plaintiff(s) are trying to reach their goals and are being pushed by Defendant to work through lunch breaks that it artificially deducts for its records.

59. After-shift work is encouraged by Defendant. This is when Plaintiff(s) close deals using cell phones and laptops after official office hours.

60. Defendant provides Plaintiff(s) with laptops to work.

61. This lawsuit is brought pursuant to 29 U.S.C. § 216(b) for unpaid overtime in violation of 29 U.S.C. § 207(a)(1).

62. Defendant did not keep accurate time records for payroll purposes pursuant to 29 U.S.C. § 211(c).

63. Defendant has known about the FLSA for more than three years.

64. Defendant knows that its "Sales Representatives" are non-exempt.

65. Defendant has never classified its "Sales Representatives" as exempt from the overtime provision of the FLSA.

66. Defendant executes its "Sales Representative Pay Plan" with the intention of violating the FLSA.

67. The "Sales Representative Pay Plan" permits Plaintiff(s) to work unpaid overtime hours on a regular basis.

68. Defendant benefits from Plaintiff(s) work.

69. Defendant encourages Plaintiff(s) hard work.

70. Defendant maintains time records for Plaintiff(s) that it knows understate the hours actually worked.

71. Defendant did not pay Plaintiff(s) commissions.

72. Defendant paid Plaintiff(s) a guaranteed salary, chits and bonuses.

73. Defendant did not pay Plaintiff(s) time and half their regular rate of pay for all hours worked over forty hours in a workweek.

74. Plaintiff(s) worked overtime hours without receiving time and half their regular rate of pay for all hours worked over forty.

75. Defendant is an enterprise.

76. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

77. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

78. Defendant was named Plaintiff's employer as defined by 29 U.S.C. § 203(d).

79. Defendant is the employer or was the employer of Plaintiff(s) as defined by 29 U.S.C. § 203(d).

80. Defendant has annual revenues in excess of $500,000.00.

81. Defendant had annual revenues in excess of $500,000.00 in 2015.

82. Defendant had annual revenues in excess of $500,000.00 in 2016.

83. Defendant had annual revenues in excess of $500,000.00 in 2017.

84. Defendant has annual revenues in excess of $500,000.00 this year.

85. At all times within the past three years Defendant has employed employees that have handled good or materials that have moved in interstate commerce.

86. For instance, Defendant employs employees that use laptops for their work that was provided by Defendant and moved through interstate channels.

87. Additionally, Defendant has employees that use cell phones that have moved in interstate commerce.

88. Defendant is required to pay 1.5 the regular rate of its Sales Representative when the Sales Representative works over forty hours in a workweek.

89. Defendant utilizes the position of national sales supervisor to oversee Plaintiff(s).

90. Plaintiff(s) regardless of physical location had to answer to Defendant's corporate headquarters in Oregon.

91. Defendant willfully violated the FLSA or acted in reckless disregard.

92. Plaintiff(s) demand trial by jury.

Wherefore, Plaintiff(s) demand facilitation of notice to all similarly situated, final certification, judgment, declaration that Defendant's "Sales Representative Pay Plan" violates the FLSA, unpaid overtime, interest, liquidated damages, attorneys' fees, costs and any other relief the Honorable Court deems just.

Respectfully submitted this 27th day of November 2018,

/s/ W. John Gadd
W. John Gadd
Law Office of W. John Gadd, P.A.
2727 Ulmerton Rd Ste 250
Clearwater, Florida 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com